UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA          **DECISION AND ORDER**

v.          17-CR-00098-LJV-JJM

REMUS NOWAK,

         Defendant.
_____

Before the court is surety Rose Grassia's motion [137][1] pursuant to Fed. R. Crim. P. ("Rule") 46(f)(2)(B) seeking to set aside the forfeiture of bail which I ordered on June 20, 2018 [132]. "The district court is given wide discretion with regard to ordering a remission" of bail. 3B Wright, Leipold, *et al*., Federal Practice and Procedure (Criminal), §780 (4th ed.); United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994). Exercising that discretion, for the following reasons I am granting the motion.

## BACKGROUND

By Complaint dated February 24, 2017 [1], defendant Remus Nowak was charged with conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture in substance containing cocaine, in violation of 21 U.S.C. §846. (He was later indicted on the same charge.) Following a detention hearing on February 28, 2017 [8], I ordered him released various conditions, including electronic monitoring and the execution of an appearance bond in the amount of $50,000 by Ms. Grassia. [12, 16]. On January 14 or 15, 2018 defendant Nowak cut off his ankle monitor and fled the jurisdiction. He remains a fugitive. Violanti

---

[1] Bracketed references are to CM-ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

Affidavit [80], ¶9; Ginter Affidavit [137], ¶13. Acting on the government's motion [80], I declared Ms. Grassia's bond forfeited and awarded the government a default judgment against her in the amount of $50,000 [132].

Attorney Ginter's Affidavit in support of Ms. Grassia's motion alleges that although she had been in a romantic relationship with defendant, she was subjected to ongoing verbal and physical abuse and had obtained an order of protection against defendant. [137], ¶¶7 *et seq*. On January 12, 2018 she contacted her family court attorney and the Niagara County victim's advocate requesting that defendant's bail be revoked, and a meeting was scheduled with U.S. Probation Officer Peter Lepiane for January 16, 2018. Id., ¶¶12-13. Ms. Grassia's testimony at the hearing before me on August 16, 2018 [145] was generally consistent with the allegations of the Ginter Affidavit, and Officer Lepiane confirmed that the January 16 meeting had been scheduled. Unfortunately, before the meeting could be held, defendant fled the jurisdiction.

In opposing the motion, the government argues that although it "is sympathetic to her claims of domestic abuse, that cannot serve as a singular basis to set aside the bail forfeiture order. When she posted the bond in March 2017, she was made well aware of the consequences of being liable for the bond amount in the event of a violation of a condition of release". Government's Response [140], p. 8.

**DISCUSSION**

Rule 46(f) provides that "the court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if: (A) the surety later surrenders into custody the person released on the surety's appearance bond; or (B) it appears that justice does not require bail forfeiture". "The burden of establishing grounds for remission is on the party challenging the forfeiture" and "[t]he court must consider several factors in evaluating the

remission motion: whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; any explanation or mitigating factors presented by the defendant; whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the defendant's family." Gambino, 17 F.3d at 574. "[A]nother factor to be considered [is] the deterrence value of total forfeiture." Id. at 575.

        I recognize that mere hardship to the surety (financial or otherwise) is not a proper basis for setting aside a bail forfeiture. *See* my April 10, 2018 Decision and Order in United States v. Russell, 17-cr-40 [75]. However, the facts of this case do not involve mere hardship to Ms. Grassia: before he fled, she had scheduled a meeting with Officer Lepiane to have his release revoked. Had that meeting taken place, I have no doubt that another violation report would have been filed and that I would have revoked his release, meaning that Ms. Grassia would not have been exposed to liability on the bond which she executed. Under these unusual circumstances, and having considered the factors enunciated in Gambino, I conclude that justice does not require bail forfeiture.

## CONCLUSION

        For these reasons, Ms. Grassia's motion [137] is granted, and my June 20, 2018 Order directing forfeiture of her signature bond and entry of judgment against her is rescinded.

**SO ORDERED**.

Dated: August 21, 2018

                                    /s/ Jeremiah J. McCarthy
                                    JEREMIAH J. MCCARTHY
                                    United States Magistrate Judge